CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 30 2014

JULIA C. DUDLEY, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TIMOTHY LEE FREEMAN, | ) |
| | ) Civil Action No. 7:13CV00564 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| | ) By: Hon. Glen E. Conrad |
| UNITED STATES OF AMERICA, | ) Chief United States District Judge |
| | ) |
| Defendant. | ) |

This matter is presently before the court on the defendant's motion for summary judgment. For the following reasons, the motion will be granted.

## Background

The plaintiff, Timothy Freeman, proceeding pro se and in forma pauperis, brings this medical malpractice claim against the United States under the Federal Tort Claims Act and the Virginia Medical Malpractice Act. The following facts are presented in the light most favorable to the plaintiff. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (noting that all evidence must be construed in the light most favorable to the party opposing summary judgment).

On June 20, 2012, doctors at the Salem Veterans Affairs Medical Center ("VAMC") prescribed the plaintiff a 300 mg daily dose of the drug Allopurinol. On June 25, 2012, the plaintiff visited the VAMC emergency room, where he was diagnosed with a stroke to the optic nerve and 30% left eye blindness. Despite this diagnosis, VAMC staff encouraged the plaintiff to continue taking Allopurinol. Mr. Freeman's left eye blindness increased to approximately 50% within one hour of taking his next dose. The following night, one hour after taking another 300 mg dose of the drug, the plaintiff's blindness increased to 98% in his left eye and 5% in his right eye. The plaintiff discontinued use of Allopurinol and the blindness progressed no further.

Mr. Freeman alleges that doctors at the Salem Veterans Affairs Medical Center were negligent in failing to inform him of the risk that Allopurinol may cause blindness. Mr. Freeman also alleges that the emergency room doctors and opticians were negligent in continuing to encourage him to take Allopurinol despite its observed effect on the plaintiff. He seeks $700,000 for pain and suffering and future medical procedures, including possible left eye removal.

The United States moved for summary judgment on the basis that the plaintiff failed to comply with the expert certification requirement set forth in Virginia Code § 8.01-20.1, and because, as a matter of substantive law, the plaintiff cannot prove the elements of his medical malpractice claim without expert medical testimony. The parties appeared before the court for a hearing on the motion on May 22, 2014. Thereafter, the court took the motion under advisement and granted the plaintiff thirty days in which to identify a standard of care expert as required by Virginia law. Order, May 22, 2014, Docket No. 16. On June 20, 2014, the plaintiff notified the court that he has been unable to identify a qualified expert witness and that he does not intend to pursue his claim any further. The matter is now ripe for disposition.

## Standard of Review

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. A movant is entitled to judgment as a matter of law unless "the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

## Discussion

Under Virginia law, a plaintiff alleging medical malpractice must obtain an expert certification of merit prior to serving the defendant unless "the plaintiff, in good faith, alleges a medical malpractice action that asserts a theory of liability where expert testimony is unnecessary because the alleged act of negligence clearly lies within the range of the [fact-finder's] common knowledge and experience." Va. Code § 8.01-20.1. In most medical malpractice cases, Virginia law also requires expert testimony to assist the fact-finder in determining the appropriate standard of care and whether the health care provider deviated from that standard. Dickerson v. Fatehi, 484 S.E.2d 880, 881 (1997) (citing Raines v. Lutz, 341 S.E.2d 194, 196 (1986)). Only in rare instances will the alleged act of negligence clearly lie within the fact-finder's common knowledge and experience such that expert testimony is unnecessary. Id.; see also Beverly Enterprises-Va. Inc. v. Nichols, 441 S.E.2d 1, 3 (1994).

As the court explained at the hearing on the motion, this is not one of those rare instances. Stated simply, whether the VAMC staff acted negligently by prescribing Allopurinol without informing the plaintiff as to the risk of blindness, or by encouraging Mr. Freeman to continue its usage despite his exhibited symptoms, is not within the common knowledge and experience of a layperson. Likewise, whether Allopurinol usage proximately caused the plaintiff's eye injuries is a complex question of pharmacology outside the purview of the average fact-finder. Compare Dickerson, 484 S.E.2d 880 (finding that the jury could understand, without the aid of expert testimony, that failing to remove a hypodermic needle from the plaintiff's neck after surgery would cause severe pain in the plaintiff's right arm, hand, and neck), with Bell v. United States, 2011 WL 3734458 (E.D. Va. Aug. 24, 2011) (finding that the general standard of care for treating diabetic patients with Glipizide, or whether the plaintiff's diabetic shock and valvular failure were proximately caused by the amount of Glipizide prescribed, is not within the common knowledge and experience of a layperson). Here, a certification of merit and expert

3

testimony regarding the standard of care and the proximate cause of Mr. Freeman's injuries are required.

It is undisputed that Mr. Freeman did not obtain a certification of merit from a qualified expert prior to serving the defendant in this medical malpractice action as required by Virginia Code § 8.01-20.1. Further, without expert testimony, the plaintiff cannot prove that the VAMC staff deviated from the applicable standard of care or that the deviation was the proximate cause of the injuries claimed. In the absence of any genuine dispute of material fact, the defendant is entitled to judgment as a matter of law.

## **Conclusion**

For the foregoing reasons, the court concludes that the defendant's motion for summary judgment must be granted. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

ENTER: This 30th day of June, 2014.

/s/ Glen Conrad
Chief United States District Judge